of the alternative future estates in the subshares will vest or fail to vest could create any restraint on the power of alienation of the remainder. Real Prop. Law, § 51; Hennessy v. Patterson, 85 N. Y. 91, 99; Knowlton v. Atkins, 134 N. Y. 313, 317–322, 31 N. E. 914. The cases where trusts in joint tenancy for the lives of more than two persons, blended trust funds to be held intact until the death of the last of more than two beneficiaries, and trusts of personal property to continue during the lives of persons not in being at the creation of the trust, have been held invalid, are not in point. The testatrix intended, and I see no legal difficulty in the carrying out of such intention, that in the event of the death of any child without issue surviving, and without disposing of its share by will, the share of such child should be divided into as many subshares as there were children then surviving, which subshares should be added to and form a part of each of the subsisting trusts; that, upon the death of each child, the subshares so added should vest in its issue, if any; that if any such child died intestate and childless the subshare held for such child should vest in the decedent's next of kin, if any, as of the date of decedent's death. Matter of Wilcox, 194 N. Y. 306, 87 N. E. 497; Clark v. Cammann, 160 N. Y. 316, 328, 329, 54 N. E. 709; Greenland v. Waddell, 116 N. Y. 234–245, 22 N. E. 367, 15 Am. St. Rep. 400.

Judgment construing the will accordingly, with costs to plaintiff and to the infant defendants.

Judgment accordingly.

---

(158 App. Div. 487.)

### SHOVAN v. LOZIER MOTOR CO.

(Supreme Court, Appellate Division, Third Department. September 26, 1913.)

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—JURY QUESTION.

　　In an action against a master for the wrongful death of a servant, who was killed by reason of the falling of a ladder, the question of the master's negligence *held* for the jury, in view of Labor Law (Consol. Laws 1909, c. 31) § 18, making a master who furnishes a servant with unsafe ladders as scaffolding guilty of negligence.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 227*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

　　Notwithstanding Labor Law (Consol. Laws 1909, c. 31) § 18, prohibiting a master from furnishing a servant with unsafe ladders as scaffolding, a master may, upon the injury of a servant by reason of the fall of an unsafe ladder, invoke the doctrine of contributory negligence.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 668, 669; Dec. Dig. § 227.*]

3. NEW TRIAL (§ 157*)—HEARING—INSTRUCTIONS—LAW OF CASE.

　　On motion for new trial, the theory set forth in the instructions must be accepted as the law of the case.

　　[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 314, 317, 318; Dec. Dig. § 157.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. **MASTER AND SERVANT (§ 265\*) — CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF.**

In view of Labor Law (Consol. Laws 1909, c. 31) § 202a, as added by Laws 1910, c. 352, § 2, referring to contributory negligence, a master, relying upon that defense, has the burden of proof.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.\*]

5. **MASTER AND SERVANT (§§ 288, 289\*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.**

In an action for the wrongful death of a servant, the question whether the servant was guilty of contributory negligence and assumed the risk *held* under the evidence for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1090, 1092–1132; Dec. Dig. §§ 288, 289.\*]

Appeal from Trial Term, Clinton County.

Action by Ida Shovan, as administratrix of the estate of Middy Shovan, deceased, against the Lozier Motor Company. From a judgment for plaintiff, and an order denying defendant's motion for new trial, it appeals. Affirmed.

The following is the opinion of Borst, J., in the trial court:

[1] I am of the opinion that the evidence in this case, in connection with section 18 of the Labor Law (Consol. Laws 1909, c. 31), which would seem to apply, was sufficient to make the defendant's negligence a question for the jury. McConnell v. Morse Iron Works, 102 App. Div. 324, 92 N. Y. Supp. 477; Cummings v. Kenny, 97 App. Div. 114, 89 N. Y. Supp. 579; Kelly v. National Starch Co., 142 App. Div. 286, 126 N. Y. Supp. 979.

[2] The provisions of the Labor Law referred to do not preclude the defendant, however, from invoking the contributory negligence, if any there was, of plaintiff's intestate. Gombert v. McKay, 201 N. Y. 27, 94 N. E. 186, 42 L. R. A. (N. S.) 1234.

[3; 4] Now, as to the contributory negligence of plaintiff's intestate. The case was submitted to the jury on the theory that on this question plaintiff had the burden of proof, and this must therefore undoubtedly be the law of the case on this motion. This burden, however, it would seem under the provisions of Labor Law, § 202a, as added by Laws 1910, c. 352, § 2, as it now stands, was on the defendant. Treating the case, therefore, on the theory on which it was tried, I think the intestate's negligence was a jury question.

[5] The jury were authorized to find that the spurs on the foot of ladders used about defendant's premises became dull by usage and were sharpened from time to time; that this was no part of the duties of the intestate. This was a duty, however, imposed by law upon the defendant, and especially so by virtue of the section of the Labor Law cited. The spurs on the ladder in question were dull, and the jury had the right to find from the evidence that, had they not been so, they would have sunk into the floor under the weight of plaintiff's intestate, and not have slipped, and the accident would thereby not have occurred.

Evidence was given by one of defendant's employés to the effect that some weeks prior to the day of the accident ladders, including the ladder in question, had been used by plaintiff's intestate and the witness; that the witness had forced the spurs into the floor in the intestate's presence by hitting them with a hammer. The truthfulness and force of this evidence was for the jury. Plaintiff's intestate might well have assumed that the spurs on the ladder in question had been sharpened between the time that witness referred to and the day of the accident when he came to use it. It does not appear that plaintiff's intestate knew that the spurs on the ladder were dull.

The direction to the intestate to perform the work in which he was engaged came from his foreman, who testifies: "I went in the power house. Shovan was there. I said to him, 'Middy, when you have time, or when you haven't

got much to do, take and connect up the radiator that is in the toilet room off of the assembly room with the 2½-inch pipe that we recently ran down through there from the heating coil in the northwest corner of the building. There is no particular hurry about it, but do it when you have time to do it. Your pipe is here on the floor.' The pipe was lying on the floor right beside him when I was speaking. 'The ladder stands up by the heating coil in the northwest end of the building.' "

The ladder was in place and the intestate was to go up that and make the connection. He had a pail of paint in his hand, which was to be used on the joints of the pipes which he was to connect. He was near the top of the ladder, when it slipped and the fall came, which resulted in his death. In view of the attention which he must necessarily have given to his work, the materials he was to take and use, and in view of the instructions given to him by the foreman to go up that ladder to do the work, it was at least for the jury to say whether he should have in mind, distracted as his attention might have been, that the defendant had failed to sharpen the spurs on the ladder. Kettle v. Turl, 162 N. Y. 255, 56 N. E. 626; Delaney v. City of Mt. Vernon, 89 App. Div. 209, 85 N. Y. Supp. 799.

The motions for a nonsuit and the new trial should therefore be denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John H. Booth, of Plattsburgh, for appellant.
John E. Judge, of Plattsburgh, for respondent.

PER CURIAM. Judgment and order unanimously affirmed, with costs, on the opinion of Mr. Justice Borst at Trial Term.

---

(82 Misc. Rep. 247.)

PEOPLE v. STEEPLECHASE PARK CO. et al.

(Supreme Court, Special Term, Kings County. September, 1913.)

1. NAVIGABLE WATERS (§ 36*)—RIGHTS OF PUBLIC—PASSAGE OVER BEACH OR SHORE—JUS PUBLICUM—JUS PRIVATUM.

The people hold the fee title to tidal lands of the state, including the beach or foreshore, over which the tide ebbs and flows and for which no patent has been granted, in their sovereign capacity for the benefit of the public, and the right of public passage thereover is of the same nature as the jus publicum of the common law, and cannot be regarded as having had its origin in the jus privatum which is not recognized as part of our common law except in so far as it has devolved upon littoral and riparian owners. Such public right of passage includes, not only the right to pass on foot, but also, where it is physically possible, with vehicles, as a beach constitutes a sort of natural public highway, which, although it may not be subject to all the incidents of a regularly established public highway, is subject to public travel by all means used on the public highways of the state.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 180–200; Dec. Dig. § 36.*]

2. NAVIGABLE WATERS (§ 37*)—BEACH OR SHORE—CONSTRUCTION OF GRANT TO PRIVATE OWNERS.

A grant or patent of certain land under water and between high and low water mark, containing no habendum clause or any restrictions upon the grant, but without words to indicate any intention to surrender or extinguish the public right of passage thereover, did not deprive the public of such right.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 201–226, 285; Dec. Dig. § 37.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes